| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>DAWSON HUBER COLEMAN JR. LIVING<br>TRUST,<br>                                Plaintiff,<br><br>                - against -<br><br>J.P. MORGAN CHASE BANK, N.A.;<br>ALLSTATE INSURANCE COMPANY;<br>RE-CON TRUST, N.A.,<br><br>                               Defendants.<br>------------------------------------------------------------ X | C/M<br><br><br><br>**MEMORANDUM AND ORDER**<br><br>16 Civ. 5062 (BMC)(LB) |

**COGAN,** District Judge.

Plaintiff asserts claims against defendants J.P. Morgan Chase Bank, Allstate Insurance Company and Re-Con Trust, arising from an apparent foreclosure of his property. He alleges this court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

The following facts are drawn exclusively from the complaint, and are assumed to be true for purposes of this memorandum and order. Plaintiff brings this action against J.P Morgan Chase, Allstate Insurance Company and Re-Con Trust, for commencing a foreclosure action against his property. Plaintiff alleges diversity of citizenship and federal question as bases for the Court's jurisdiction. Plaintiff asserts that defendant Chase Bank commenced a foreclosure action against his residential property "despite having received timely notice of Plaintiff's legitimate interests." Plaintiff further alleges that Chase Bank then sought to sell his property to

Re-Con Trust. Plaintiff fails to provide relevant dates for the alleged foreclosure and possible sale of his property.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

**A.    Lack of Subject Matter Jurisdiction**

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428,

434 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Here, plaintiff alleges diversity jurisdiction, but complete diversity does not exist between the parties because plaintiff is a citizen of New York state and defendant Allstate Insurance Company is alleged by plaintiff to be also a citizen of New York state by virtue of having its principal place of business in Brooklyn, New York. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Accordingly, the Court lacks diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is not complete diversity between the parties.

**B.     Foreclosure Claims**

Plaintiff's complaint also fails to establish federal-question jurisdiction. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). To the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks. It is well settled that judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law. See, e.g., Ashby v. Polinsky, 328 F. App'x 20, 21 (2d Cir. 2009) (holding that the Rooker–Feldman doctrine precluded plaintiff's attempt to

re-litigate a state court foreclosure judgment in federal court); <u>Garvin v. Bank of N.Y.</u>, 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); <u>see</u> <u>also</u> <u>Muong v. Fed. Nat. Mortg. Ass'n</u>, No. 13 Civ. 6564, 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013); <u>Dockery v. Cullen & Dykman</u>, 90 F. Supp. 2d 233 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud). Accordingly, the Court lacks federal-question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiff fails to present a federal question.

## CONCLUSION

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
      September 14, 2016

4